[No. S149898. June 2, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
SILVESTRE GARCIA GONZALEZ et al., Defendants and Appellants.

**COUNSEL**

Hilda Scheib, under appointment by the Supreme Court, for Defendant and Appellant Silvestre Garcia Gonzalez.

Carlo Andreani, under appointment by the Supreme Court, for Defendant and Appellant Luis Lopez Arriaga.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Mary Jo Graves and Michael P. Farrell, Assistant Attorneys General, Stephen G. Herndon, David Andrew Eldridge, Julie A. Hokans and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

Bonnie M. Dumanis, District Attorney (San Diego) and Charles E. Nickel, Deputy District Attorney, for California District Attorneys Association as Amicus Curiae on behalf of Plaintiff and Respondent.

**OPINION**

**CHIN, J.**—As relevant here, a jury found defendant Luis Lopez Arriaga guilty of the attempted premeditated murder of William Hunt.[1] The jury also found that, in the commission of that offense, defendant used a firearm in a manner described in Penal Code section 12022.5, as well as in a manner described in each of the three firearm enhancements set forth in Penal Code section 12022.53.[2]

We granted the People's petition for review in order to resolve a conflict regarding the question of whether, after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime must be stayed or stricken. For the reasons set forth below, we construe section 12022.53 to require that, after a trial court imposes punishment for the section

---

[1] We granted the People's petition for review as to the sentence of defendant Arriaga, Silvestre Garcia Gonzalez's codefendant at trial. We separately denied Arriaga's petition for review on March 14, 2007. Gonzalez did not petition for review. We refer to Arriaga as defendant throughout this opinion.

[2] All statutory references are to the Penal Code unless otherwise noted. We generally refer to subdivisions of sections 12022.5 and 12022.53 in abbreviated form, e.g., section 12022.53(d), or simply by subdivision when the statutory reference is obvious.

12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime must be imposed and then stayed. For a different reason, however, we do not have cause to reverse the Court of Appeal's judgment insofar as it directed otherwise.[3]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gonzalez hired defendant to guard his marijuana gardens. For that purpose, Gonzalez gave defendant a shotgun and told him to shoot anyone who came near the gardens. In October 2000, defendant twice fired a shotgun at William Hunt, who was hunting with his children near Gonzalez's marijuana plants. Hunt was hit in the wrist and in his midsection.

In conjunction with its guilty verdict as to the count that charged the attempted premeditated murder of Hunt (§§ 187, 664), the jury found true the firearm enhancements of subdivisions (b), (c), and (d) of section 12022.53 and the firearm enhancement in section 12022.5, former subdivision (a)(1) (as amended by Stats. 1999, ch. 129, § 5).[4] Defendant received an indeterminate life sentence with the possibility of parole for the substantive crime. The trial court imposed an unstayed additional and consecutive term of 25 years to life for the 12022.53(d) firearm enhancement. It then sentenced defendant on the remaining firearm enhancements, but stayed execution of those sentences pending "successful completion" of the sentence previously imposed "[b]y virtue and operation of law under Penal Code section 654."[5] On appeal,

---

[3] After oral argument in this case, we were informed that defendant Arriaga died on March 14, 2008. Although defendant's death will abate his appeal (see, e.g., *In re Sheena K.* (2007) 40 Cal.4th 875, 879 [55 Cal.Rptr.3d 716, 153 P.3d 282]; *People v. Anzalone* (1999) 19 Cal.4th 1074, 1076 [81 Cal.Rptr.2d 315, 969 P.2d 160]; *People v. Dail* (1943) 22 Cal.2d 642, 659 [140 P.2d 828]), we exercise our inherent authority to retain this case for an opinion in order to resolve the recurring conflict in the Courts of Appeal regarding whether prohibited firearm enhancements should be stayed or stricken under section 12022.53. (*In re Sheena K., supra,* 40 Cal.4th at p. 879.)

[4] Defendant was sentenced under section 12022.5, former subdivision (a)(1). The same punishment now appears in section 12022.5(a). Section 12022.53 also was amended after the commission of the crimes at issue here. Because these changes do not affect our analysis, we refer to the current version of both statutes.

[5] Although the trial court correctly stayed all of the prohibited firearm enhancements, it incorrectly issued those stays under section 654, which applies only to offenses punishable in different ways, not to prohibited enhancements committed in the commission of an unstayed offense. As discussed below, we reach the conclusion that the trial court properly stayed the punishment for the prohibited section 12022.53 and section 12022.5 firearm enhancements based on our analysis of the statutory language in section 12022.53.

defendant claimed all of the remaining prohibited firearm enhancements must be stricken. A majority of the Court of Appeal agreed with defendant and held that the remaining firearm enhancement findings "must be stricken," rather than imposed and then stayed. Their opinion directed the trial court to strike those findings and vacate the related sentences.[6] The majority disagreed, in part, with *People v. Bracamonte* (2003) 106 Cal.App.4th 704 [131 Cal.Rptr.2d 334] (*Bracamonte*), which had, on similar facts, concluded that the prohibited section 12022.53 firearm enhancements must be imposed and then stayed, but that the prohibited section 12022.5 firearm enhancement must be stricken. (*Bracamonte*, at pp. 711–712.) In this court, defendant contends the remaining firearm enhancements must be stricken or reversed, while the People contend they should be imposed and then stayed.

## II. DISCUSSION

### A. *Background*

■ "By definition, a sentence enhancement is 'an additional term of imprisonment added to the base term.'" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 898 [135 Cal.Rptr.2d 30, 69 P.3d 951], quoting Cal. Rules of Court, former rule 4.405(c), now rule 4.405(3).) ■ The statutes at issue here, sections 12022.5 and 12022.53, provide various sentence enhancements for the use of a firearm in the commission or attempted commission of a crime.

Section 12022.5(a) provides for a sentence enhancement of three, four, or 10 years for personal use of a firearm in the attempted commission of any felony.

Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies, including attempted premeditated murder: a 10-year prison term for personal use of a firearm, even if the weapon is not operable or loaded (*id.,* subd. (b)); a 20-year term if the defendant "personally and intentionally discharges a firearm" (*id.,* subd. (c)); and a 25-year-to-life term if the intentional discharge of the firearm causes "great bodily injury" or "death, to any person other than an accomplice" (*id.,* subd. (d)). For these enhancements to apply, the requisite facts must be alleged in the information or indictment, and the defendant must admit those

---

[6] The dissenting justice suggested the trial court "should have left the [remaining] enhancement findings in place, but not imposed any punishment based on them."

facts or the trier of fact must find them to be true. (§ 12022.53(j); *People v. Najera* (1972) 8 Cal.3d 504, 509–510 & fn. 4 [105 Cal.Rptr. 345, 503 P.2d 1353].)

Section 12022.53(f) provides, in part, that "[o]nly one additional term of imprisonment under this section shall be *imposed* per person for each crime. If more than one enhancement per person is found true under this section, the court shall *impose* upon that person the enhancement that provides the longest term of imprisonment. An enhancement involving a firearm specified in Section . . . 12022.5 . . . shall not be *imposed* on a person in addition to an enhancement *imposed* pursuant to this section." (Italics added.)

Section 12022.53(h) provides, "Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section."

Section 12022.5(c) was amended in 2002 to include language identical to the language in section 12022.53(h). The legislation enacting that amendment stated that the amendment was declarative of existing law. (See Stats. 2002, ch. 126, § 13.)

■ Although most prohibitions are statutory, including those at issue here, the procedure for dealing with prohibited terms or enhancements often has no express statutory basis. In those situations, the procedures have been formulated by the courts and the California Judicial Council. (See, e.g., *People v. Lai* (2006) 138 Cal.App.4th 1227, 1244–1245 [42 Cal.Rptr.3d 444]; *People v. Niles* (1964) 227 Cal.App.2d 749, 756 [39 Cal.Rptr. 11].)

In order to understand our statutory construction of sections 12022.53 and 12022.5, as well as the interplay between the statutes in question and the procedures the Judicial Council adopted in order to address prohibited enhancements, it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed.* However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." (*Bracamonte, supra,* 106 Cal.App.4th at p. 711, italics added.)

### B. *Statutory Analysis*

■ "Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987)

43 Cal.3d 1379, 1386–1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) We must look to the statute's words and give them their usual and ordinary meaning. (*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].) The statute's plain meaning controls the court's interpretation unless its words are ambiguous." (*Green v. State of California* (2007) 42 Cal.4th 254, 260 [64 Cal.Rptr.3d 390, 165 P.3d 118].) If the words in the statute do not, by themselves, provide a reliable indicator of legislative intent, "[s]tatutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes. (*Woods v. Young* (1991) 53 Cal.3d 315, 323 [279 Cal.Rptr. 613, 807 P.2d 455].)" (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804].) " 'Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute . . . ; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation].' [Citations.]" (*People v. Shabazz* (2006) 38 Cal.4th 55, 67–68 [40 Cal.Rptr.3d 750, 130 P.3d 519].) If the statute is ambiguous, we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 738 [21 Cal.Rptr.3d 676, 101 P.3d 563].)

In reaching its conclusion that the prohibited firearm enhancements must be stricken rather than imposed and stayed, the Court of Appeal reasoned that "[s]ection 12022.53, subdivision (f), expressly states that *only* the greatest enhancement may be imposed, making no exception to this prohibition for enhancements thereafter stayed." In other words, the Court of Appeal interpreted the word "imposed" in that portion of subdivision (f) as encompassing both meanings of "impose," namely, impose and then *execute,* as well as impose and then *stay.*

■ However, when the words of section 12022.53 are construed in context, any possible ambiguity regarding the meaning of the term "imposed" in subdivision (f) is resolved. This is because the construction which best serves to harmonize the statute internally is the construction that interprets the words "impose" and "imposed," as used throughout subdivision (f), as shorthand to mean impose and then *execute,* as opposed to impose and then *stay.*

Subdivision (f) directs that "[o]nly one additional term of imprisonment . . . shall be imposed per person for each crime." In light of the subdivision's further direction that "the court shall impose upon that person

the enhancement that provides the longest term of imprisonment," it would be unreasonable for the Legislature to direct the court to impose the longest enhancement in the sense of "impose and stay." This point is likewise made in section 12022.53(j). There, the Legislature directs that the court "impose punishment" for "an enhancement . . . admitted or found to be true [under this section] . . . unless another enhancement provides for a greater penalty or a longer term of imprisonment." In both instances, the word "impose" ensures that the statute's punishment and legislative intent will be carried out only if it is interpreted as shorthand for "impose and then *execute.*"

Subdivisions (g) and (h) of section 12022.53 ensure execution of the maximum enhancement; combined, they direct the trial court not to grant probation or suspend "the execution or imposition of sentence" (*id.,* subd. (g)) or "strike an allegation under this section or a finding bringing a person within the provisions of [section 12022.53]" (*id.,* subd. (h)).

Section 12022.53(i) directs that the "credits awarded . . . shall not exceed 15 percent of the total term of imprisonment imposed on a defendant upon whom a sentence is imposed pursuant to this section." The Legislature's limitation of credits on the term served for an enhancement in section 12022.53 also makes sense only if "impose" is interpreted as impose and then *execute.*

■ As explained, several examples of the word "impose" throughout section 12022.53 must be interpreted as shorthand for "impose and then execute" to make sense. The principle that a word's meaning may be determined by reference to the rest of the statute allows us to extend this interpretation to the use of "impose" throughout section 12022.53(f). (*People v. Rogers* (1971) 5 Cal.3d 129, 142 [95 Cal.Rptr. 601, 486 P.2d 129].) If subdivision (f) is so interpreted, it directs that only one enhancement may be imposed and then *executed* per person for each crime, and allows a trial court to impose and then *stay* all other prohibited enhancements.

■ In any event, a contrary interpretation of subdivision (f) of section 12022.53 would violate the rule of statutory construction mandating that words and provisions in a statute that relate to the same subject matter " 'must be harmonized to the extent possible. [Citation.]' " (*People v. Shabazz, supra,* 38 Cal.4th at p. 67.) Similarly, we reject an interpretation of section 12022.53(f) that would have the trial court strike, rather than stay, the prohibited firearm enhancements because the rules of statutory construction mandate that we interpret the statute in a manner that does not create unnecessary disharmony between subdivision (f) and subdivision (h) of

section 12022.53. In any event, a contrary interpretation "would disserve the public safety policy that . . . underlies the legislative intent reflected in the statute" (*Troppman v. Valverde* (2007) 40 Cal.4th 1121, 1137 [57 Cal.Rptr.3d 306, 156 P.3d 328]), by making it more difficult, if not impossible, to impose and execute the term of imprisonment for an initially prohibited firearm enhancement in the event the section 12022.53 enhancement with the longest term of imprisonment is invalidated on appeal.

In this regard, our interpretation of the language of subdivision (f) harmonizes section 12022.53 with the rationale underlying both section 654 and the Judicial Council's general rule that sets forth the procedure courts should follow when pronouncing sentence on any prohibited enhancement. (Cal. Rules of Court, rule 4.447.) At the time of defendant's offense in 2000, former rule 447 (now rule 4.447), provided, in pertinent part, that "[n]o finding of an enhancement shall be stricken or dismissed because imposition of the term is either prohibited by law or exceeds limitations on . . . the imposition of multiple enhancements. The sentencing judge shall impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and shall thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed." (Former rule 447, as amended eff. Jan. 1, 1991.)[7] The Advisory Committee comment to former rule 447 explained the rule's rationale as follows: "Present practice of staying execution is followed to avoid violating a statutory prohibition or exceeding the statutory maximum, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence. See *People v. Niles* (1964) 227 Cal.App.2d 749, 756 [39 Cal.Rptr. 11]. [¶] Only the portion of a sentence or component thereof that exceeds a maximum is prohibited, and this rule provides a procedure for that situation." (Advisory Com. com., Deering's Ann. Codes, Rules (1999 ed.) foll. rule 447, p. 220.) The *Niles* case the

---

[7] The current rule is virtually the same except for having been renumbered. As of January 1, 2007, California Rules of Court, rule 4.447 provides that "No finding of an enhancement may be stricken or dismissed because imposition of the term either is prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge must impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and must thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay will become permanent on the defendant's service of the portion of the sentence not stayed." The Advisory Committee comment was amended to add the following introductory statement: "Statutory restrictions may prohibit or limit the imposition of an enhancement in certain situations. (See, for example, sections 186.22(b)(1), 667(a)(2), 667.61(f), 1170.1(f) and (g), *12022.53(e)(2) and (f)*, and Vehicle Code section 23558.)" (Advisory Com. com., Cal. Rules of Court, rule 4.447, italics added.)

Advisory Committee cited discussed the analogous rationale underlying section 654 and concluded that staying the punishment for a conviction pursuant to that section is the only possible "reconciliation of the various policies involved. Any other method either incurs the risk of letting a defendant escape altogether, or else imposes an unnecessary burden on an appellate court and on the trial court on the inevitable remand for correction of sentence." (*Niles, supra,* 227 Cal.App.2d at p. 756.)

The legislative history of section 12022.53 confirms our construction of the legislative scheme. For example, in *People v. Oates* (2004) 32 Cal.4th 1048 [12 Cal.Rptr.3d 325, 88 P.3d 56], we discussed the legislative intent behind section 12022.53: "An uncodified section of the enacting legislation stated: 'The Legislature finds and declares that substantially longer prison sentences must be imposed on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime.' (Stats. 1997, ch. 503, § 1 . . . .) Several legislative reports explained that '[t]he purpose of [the statute] is to deter crimes in which a firearm is used and to incapacitate those who use firearms in crimes.' [Citations.] Another report explained: 'According to the author [of the statute], "For far too long, criminals have been using guns to prey on their victims. [Section 12022.53] will keep these parasites where they belong . . . in jail! The problem is not guns, the problem is gun violence . . . criminals misusing guns to terrorize, injure and kill their victims. . . . With the Three Strikes law, the voters sent a clear message to criminals. With the 10-20-life provisions of [Section 12022.53], we are sending another clear message: If you use a gun to commit a crime, you're going to jail, and you're staying there." ' [Citation.] Imposing multiple subdivision (d) enhancements under the circumstances here clearly serves these legislative goals." (*People v. Oates, supra,* at pp. 1057–1058, italics omitted.)

■ In this context, it becomes apparent that section 12022.53 was enacted to ensure that defendants who use a gun remain in prison for the longest time possible and that the Legislature intended the trial court to stay, rather than strike, prohibited enhancements under section 12022.53. As noted above, staying rather than striking the prohibited firearm enhancements serves the legislative goals of section 12022.53 by making the prohibited enhancements *readily* available should the section 12022.53 enhancement with the longest term be found invalid on appeal and by making "the trial court's intention clear—it is staying part of the sentence only because it thinks it must. If, on the other hand, the trial court were to strike or dismiss the prohibited portion of the sentence, it might be misunderstood as exercising its discretionary power under Penal Code section 1385." (*People v. Lopez* (2004) 119 Cal.App.4th 355, 365 [14 Cal.Rptr.3d 202].) When the word "impose" in section 12022.53(f) is properly understood as shorthand to mean impose and

then execute, section 12022.53 allows for the same resolution of the prohibited enhancements under sections 12022.53 and 12022.5, namely, that they must be imposed and then stayed.[8]

■ Here, the trial court imposed punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment allowed under the statute. Albeit under an incorrect section 654 analysis, the trial court also imposed and then stayed punishment for the remaining prohibited determinate terms for the enhancements set forth in section 12022.5, and in subdivisions (b) and (c) of section 12022.53. The trial court's act of imposing and staying the punishments for all of the prohibited firearm enhancements was proper under the statutory analysis set forth above. The Court of Appeal therefore erred when it ordered the trial court to strike the prohibited enhancements and to vacate the related sentences.

We do not rely on rule 4.447 of the California Rules of Court as a basis for our statutory analysis of section 12022.53. We therefore need not address defendant's claim that rule 4.447 violates the separation of powers doctrine. The fact that defendant's contentions concern enhancements that "do not constitute separate crimes or offenses" (*In re Tameka* C. (2000) 22 Cal.4th 190, 198–199 [91 Cal.Rptr.2d 730, 990 P.2d 603]) undermines his claim that the stayed enhancements constitute impermissible punishment under the federal double jeopardy clause. (*People v. Sloan* (2007) 42 Cal.4th 110, 120–121 [64 Cal.Rptr.3d 137, 164 P.3d 568]; *People v. Izaguirre* (2007) 42 Cal.4th 126, 134 [64 Cal.Rptr.3d 148, 164 P.3d 578].) In addition, because our analysis of section 12022.53 does not create a new judicial rule, we need not address the constitutional ex post facto issue defendant raised. (See *People v. Brown* (2003) 31 Cal.4th 518, 534 [3 Cal.Rptr.3d 145, 73 P.3d 1137] [court should not entertain constitutional claims unless necessary to resolve a case].)

### III.  CONCLUSION

■ We conclude section 12022.53 requires that, after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime must be imposed and then stayed.

---

[8] We disapprove of *People v. Bracamonte, supra,* 106 Cal.App.4th 704, to the extent it held otherwise.

## IV. DISPOSITION

The court received a certified copy of the death certificate of defendant Luis Lopez Arriaga during the pendency of this appeal. Therefore, all proceedings in this case regarding defendant Arriaga must be permanently abated. (*In re Sheena K., supra*, 40 Cal.4th at pp. 879, 893.) The case is remanded to the Court of Appeal, with directions to enter an order in case No. C045935 permanently abating all proceedings with respect to defendant Arriaga and requiring the Superior Court of the County of El Dorado to enter an order to that effect in case No. P00CRF0406.[9]

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Moreno, J., and Corrigan, J., concurred.

---

[9] The abatement orders in this case with regard to defendant Arriaga in no way affect the judgment with regard to defendant Silvestre Garcia Gonzalez.