[No. B198062. Second Dist., Div. Four. Sept. 9, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
CANESHA SHERRON SINCLAIR, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the Facts and part A. of the Discussion.

## COUNSEL

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Paul M. Roadarmel, Jr., and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MANELLA, J.—

## PROCEDURAL BACKGROUND

On May 20, 2004, an information was filed charging appellant Canesha Sherron Sinclair in counts 1 through 10 with robbery (Pen. Code, § 211) and in count 11 with assault with a firearm (Pen. Code, § 245, subd. (a)(2)).[1] The information alleged under each count that the offense had been committed in association with, and for the benefit of, a criminal street gang (§ 186.22, subd. (b)(1)) and that a principal had been armed with a firearm (§ 12022, subd. (a)(1)); in addition, the information alleged under counts 1 through 10 that a principal had personally used a firearm (§ 12022.53, subds. (b), (e)(1)). Appellant pleaded not guilty and denied the allegations.

Yuseff Sinclair, who was also charged with the robberies alleged against appellant in counts 9 and 10 and related offenses, was tried with appellant.[2] Trial by jury began on February 8, 2007. Prior to the submission of the case to the jury, the information was amended to charge appellant with an additional count (count 12) of assault with a firearm (§ 245, subd. (a)(2)), accompanied by gang and armed principal allegations (§§ 186.22, subd. (b)(1)(A), 12022, subd. (a)(1)). Appellant pleaded not guilty to the new charge. The jury found appellant guilty as charged in the information, as amended, and found the special allegations to be true. The trial court imposed an aggregate sentence of 44 years four months.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

Appellant contends that (1) there is insufficient evidence to support the findings regarding the gang enhancements on counts 1 through 8, and (2) there was sentencing error.

A. *Gang Enhancements**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] While the jury was deliberating, Yuseff Sinclair entered into a plea agreement that resolved the case against him. He is not a party to this appeal.

*See footnote, *ante*, page 848.

### B. *Sentencing Error*

Appellant contends the trial court erred in imposing sentence. The trial court sentenced appellant to a term of imprisonment totaling 44 years four months. Regarding count 1, the trial court struck the firearm use enhancement (§ 12022.53, subds. (b), (e)(1)), and imposed a sentence of three years, plus a 10-year gang enhancement (§ 186.22, subd. (b)(1)(C)), and a one-year armed principal enhancement (§ 12022, subd. (a)(1)). Regarding counts 2 through 10, the trial court struck the gang enhancements (§ 186.22, subd. (b)(1)(C)) and the armed principal enhancements (§ 12022, subd. (a)(1)). On each of counts 2 through 8, the trial court imposed a consecutive sentence of one year, plus three years four months for the firearm use enhancement (§ 12022.53, subds. (b), (e)(1)); on each of counts 9 and 10, the trial court imposed a concurrent sentence of three years, plus a 10-year firearm use enhancement (§ 12022.53, subds. (b), (e)(1)). Finally, on each of counts 11 and 12, the trial court imposed a concurrent sentence of three years, plus a 10-year gang enhancement (§ 186.22, subd. (b)(1)(C)), and a one-year armed principal enhancement (§ 12022, subd. (a)(1)).[14]

### 1. *Count 1 (Robbery of Manuel Peraza)*

Appellant contends that the trial court erred in imposing sentence on count 1. She argues that the trial court was obliged to impose a 10-year enhancement for firearm use pursuant to section 12022.53, subdivisions (b)(1) and (e), rather than a 10-year gang enhancement pursuant to section 186.22, subdivision (b)(1)(C), and thus the additional one-year armed principal enhancement pursuant to section 12022, subdivision (a)(1) must be stayed or stricken. For the reasons explained below, we conclude that the trial court was required to impose the 10-year firearm use enhancement, and to impose and stay the one-year armed principal enhancement; in addition, we conclude that the matter must be remanded to the trial court to determine whether to impose and stay the 10-year gang enhancement.

We begin by addressing the gun use enhancement. Subdivisions (b)(1) and (e)(1)(A) of section 12022.53 establish a 10-year enhancement for *any* principal involved in a violation of section 186.22, subdivision (b), as long as

---

[14] In pronouncing sentence on counts 11 and 12, the trial court stated that it was imposing gang enhancements under subdivision (b)(1)(A) of section 186.22, which provides for a maximum enhancement of four years. The parties do not dispute that the trial court intended to impose the 10-year enhancement authorized by subdivision (b)(1)(C) of section 186.22.

some principal in the violation personally used a firearm.[15] Subdivision (h) of section 12022.53 provides that "the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section." In addition, subdivision (j) of section 12022.53 provides: "When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other provision of law, unless another enhancement provides for a greater penalty or a longer term of imprisonment."

■ The key issue is whether the phrase "another enhancement" in subdivision (j) of section 12022.53 permitted the trial court to impose the greater punishment authorized by a *combination* of enhancement provisions—that is, section 186.22, subdivision (b)(1)(C), and section 12022, subdivision (a)(1)—in lieu of the 10-year firearm use enhancement under section 12022.53, subdivisions (b) and (e)(1). No court has addressed this question. Generally, in construing a statute, we look first to the plain language of the statute, viewed in context. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125–1127 [184 P.3d 702] (*Gonzalez*).) Here, the phrase "another enhancement" is singular; moreover, within the surrounding sentence, the term "enhancement" is tied to individual enhancement provisions.

The conclusion that the phrase "another enhancement" does not encompass combinations of enhancements finds additional support from *People v. Shabazz* (2006) 38 Cal.4th 55 [40 Cal.Rptr.3d 750, 130 P.3d 519] (*Shabazz*). There, our Supreme Court addressed former subdivision (j) of section 12022.53, which provided: "When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment [for that enhancement] pursuant to this section rather than imposing punishment authorized under any other provision of law, unless *another provision of law* provides for a greater penalty or a longer term of imprisonment." (*Shabazz, supra,* 38 Cal.4th at pp. 67–70, italics added & omitted.) The court concluded that the italicized language meant "another enhancement provision," rather than "any sentencing provision that provides for a sentence greater than that specified [section] 12022.53." (*Shabazz,* at pp. 67–70, italics omitted.) The Legislature subsequently amended subdivision (j) to reflect the Supreme Court's interpretation. (Legis. Counsel's Dig., Sen. Bill No. 1661 (2001–2002

---

[15] Subdivision (b) of section 12022.53 provides: "Notwithstanding any other provision of law, any person who, in the commission of a felony specified in subdivision (a), personally uses a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years."

Subdivision (e)(1) of section 12022.53 provides: "The enhancements provided in this section shall apply to any person who is a principal in the commission of an offense if both of the following are pled and proved: [¶] (A) The person violated subdivision (b) of Section 186.22. [¶] (B) Any principal in the offense committed any act specified in subdivision (b), (c), or (d)."

Reg. Sess.); see Stats. 2002, ch. 901.) Accordingly, under the circumstances of this case, subdivision (j) of section 12022.53, by its plain language, mandated the imposition of the 10-year gun use enhancement.

■ Regarding the remaining enhancements, our Supreme Court recently explained in *Gonzalez* that when a section 12022.53 enhancement must be imposed, the trial court is obliged to impose and *stay* an additional enhancement under section 12022.5. Subdivision (f) of section 12022.53 provides: "An enhancement involving a firearm specified in Section 12021.5, 12022, 12022.3, 12022.4, 12022.5, or 12022.55 shall not be imposed on a person in addition to an enhancement imposed pursuant to this section." ■ The court in *Gonzalez* determined that the term "impose," as found in subdivision (f) and other portions of section 12022.53, means "impose and then execute," and thus held that when the trial court imposes a section 12022.53 enhancement, it must impose and stay an additional enhancement under subdivision 12022.5. (*Gonzalez, supra,* 43 Cal.4th at pp. 1127–1130.) The court reasoned that its construction of subdivision (f) best promoted the legislative purposes underlying section 12022.53, namely, the deterrence and punishment of gun violence. (*Gonzalez,* at p. 1129.) Under *Gonzalez,* the trial court was obliged to impose and stay the one-year armed principal enhancement pursuant to section 12022, subdivision (a)(1).

■ In view of *Gonzalez,* we also conclude that subdivision (e)(2) of section 12022.53 authorized—but did not oblige—the trial court to impose and stay the 10-year gang enhancement pursuant to section 186.22, subdivision (b)(1)(C). Subdivision (e)(2) provides that such enhancements "*shall not be imposed on a person in addition to an enhancement imposed pursuant to this subdivision,* unless the person personally used or personally discharged a firearm in the commission of the offense." (Italics added.) Because the jury made no finding that appellant personally used a gun in connection with the robbery charged in count 1, we must interpret the language italicized above, with an eye to harmonizing section 12022.53 internally and facilitating legislative intent (*Gonzalez, supra,* 43 Cal.4th at pp. 1125–1126). As the italicized language is similar to that interpreted in *Gonzalez,* subdivision (e)(2) of section 12022.53 authorized the trial court to impose and stay the gang enhancement on count 1.[16]

---

[16] We recognize that in *People v. Salas* (2001) 89 Cal.App.4th 1275, 1281–1282 [108 Cal.Rptr.2d 137], the court reversed a probation condition imposed under section 186.22, reasoning that subdivision (e)(2) of section 12022.53 bars gang-related punishment in addition to other enhancements established in section 12022.53. Because the court in *People v. Salas* neither confronted nor analyzed the question presented here, its decision does not provide guidance on it. (*People v. Gilbert* (1969) 1 Cal.3d 475, 482, fn. 7 [82 Cal.Rptr. 724, 462 P.2d 580] ["It is axiomatic that cases are not authority for propositions not considered."].)

■ Our conclusion regarding subdivision (e)(2) of section 12022.53 departs from *Gonzalez* in one respect due to a difference between the gang enhancement and enhancements under sections 12022.5 and 12022, subdivision (a)(1). Subdivision (g) of section 186.22 accords the trial court discretion to strike a gang enhancement "where the interests of justice would best be served."[17] No analogous provision in sections 12022.5 or 12022 permits the striking of enhancements under section 12022.5 or 12022, subdivision (a)(1). ■ In view of this difference, we conclude the trial court was obliged to impose and stay the gang enhancement on count 1, *unless* it exercised its discretion to strike the enhancement under subdivision (g) of section 186.22. Here, the trial court struck the gang enhancement on count 1 solely on the basis of a misapprehension concerning section 12022.53, subdivision (e)(2). Accordingly, the matter must be remanded to the trial court to impose and stay the gang enhancement on count 1, unless the court exercises its discretion to strike the enhancement under section 186.22, subdivision (g). (*People v. Carmony* (2004) 33 Cal.4th 367, 378 [14 Cal.Rptr.3d 880, 92 P.3d 369] [an abuse of discretion occurs when the trial court, in ruling, is unaware of its discretion].)

### 2. Counts 11 and 12 (Assault with a Firearm on Ricardo Reyes and April Pope)

Appellant contends the trial court erred in imposing sentence on counts 11 and 12. She argues that the underlying offense, namely, assault with a deadly weapon (§ 245, subd. (a)(2)), involved personal use of a firearm as an element, and thus the trial court improperly imposed a one-year armed principal enhancement pursuant to section 12022, subdivision (a)(1). In addition, she argues that because the underlying offense is a serious felony (§ 1192.7, subd. (c)(23)), rather than a violent felony (§ 667.5, subd. (c)), the trial court could properly impose only a five-year gang enhancement pursuant to subdivision (b)(1)(B) of section 186.22. In our view, these contentions are correct.

■ Subdivision (a)(1) of section 12022 authorizes a one-year enhancement for the use of a firearm in the commission of a felony, "unless the arming is an element of that offense." Under section 245, subdivision (a)(2), "Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years . . . ." ■ Accordingly, to establish a conviction under this

---

[17] Subdivision (g) of section 186.22 provides: "Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section or refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition."

provision, "the prosecution must prove the defendant used a firearm in the commission of the offense." (*In re Jose A.* (1992) 5 Cal.App.4th 697, 700 [7 Cal.Rptr.2d 44]; see *People v. Maldonado* (2005) 134 Cal.App.4th 627, 633–635 [36 Cal.Rptr.3d 117].) As appellant suffered felony convictions under subdivision (a)(2) of section 245, the trial court erred in imposing the one-year enhancements on counts 11 and 12. Respondent agrees.

 Subdivision (b)(1)(B) of section 186.22 authorizes a five-year enhancement when the underlying offense is a "serious felony," as defined in section 1192.7, subdivision (c); in addition, subdivision (b)(1)(C) of section 186.22 authorizes a 10-year enhancement when the underlying offense is a "violent felony," as defined in section 667.5, subdivision (c). Subdivision (c)(23) of section 1192.7 includes as a serious felony "any felony in which the defendant personally used a dangerous or deadly weapon," and thus encompasses assault with a firearm (see *People v. Maldonado, supra,* 134 Cal.App.4th at p. 635 ["in the scheme of section 245, assaults with a firearm are treated as an especially dangerous type of assault with a deadly weapon"]). Because assault with a firearm is not listed as a violent felony in section 667.5, the trial court was required to impose only the five-year gang enhancement on counts 11 and 12. Again, respondent agrees. In sum, the judgment regarding each of counts 11 and 12 must be modified to strike the one-year armed principal enhancement (§ 12022, subd. (a)(1)) and 10-year gang enhancement (§ 186.22, subd. (b)(1)(C)), and to reflect that a five-year gang enhancement (§ 186.22, subd. (b)(1)(B)) has been imposed.

### 3. Other Errors

In view of our conclusions regarding count 1 (see pt. B.1., *ante*), the trial court erred in imposing sentence on counts 2 through 10. Regarding these counts, the trial court struck the gang enhancements (§ 186.22, subd. (b)(1)(C)) pursuant to section 12022.53, subdivision (e)(2), and the armed principal enhancements (§ 12022, subd. (a)(1)), pursuant to section 12022.53, subdivision (f). For the reasons explained above, the trial court was obliged to impose and stay the armed principal enhancements, rather than strike them, and to impose and stay the gang enhancements, unless it struck the enhancements under section 186.22, subdivision (g). We also note that the abstract of judgment recites no sentence for count 12. The abstract of judgment must be amended to correct this error.

### DISPOSITION

The judgment is reversed with respect to the sentence, and the matter is remanded to the trial court with the following directions: on count 1, to impose a 10-year gun use enhancement (§ 12022.53, subds. (b), (e)(1)),

impose and stay a one-year armed principal enhancement (§ 12022, subd. (a)(1)), and impose and stay a 10-year gang enhancement (§ 186.22, subd. (b)(1)(C)), unless the trial court exercises its discretion to strike the gang enhancement (§ 186.22, subd. (g)); on each of counts 2 through 10, to impose and stay a one-year armed principal enhancement (§ 12022, subd. (a)(1)), and impose and stay a 10-year gang enhancement (§ 186.22, subd. (b)(1)(C)), unless the trial court exercises its discretion to strike the gang enhancement (§ 186.22, subd. (g)); and on each of counts 11 and 12, to strike the one-year armed principal enhancement (§ 12022, subd. (a)(1)) and 10-year gang enhancement (§ 186.22, subd. (b)(1)(C)), and impose a five-year gang enhancement (§ 186.22, subd. (b)(1)(B)). The judgment is affirmed in all other respects. The trial court is directed to prepare an amended abstract of judgment that reflects these rulings and recites a sentence for count 12 (see pt. B.3., *ante*), and to forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

Epstein, P. J., and Willhite, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 17, 2008, S167665.