Filed 4/25/13  P. v. Suares CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B241594 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA347720) |
| JESSE SUARES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

Jesse Suares appeals from the judgment entered following his conviction by jury on numerous counts: (1) assault with a firearm (Pen. Code, § 245, subd. (a)(2)); (2) evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a)); (3) resisting an executive officer (Pen. Code, § 69); (4) transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)); (5) possession for sale of a controlled substance[1] (Health & Saf. Code, § 11378); (6) possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)); (7) possession of ammunition by a felon (Pen. Code, § 12316, subd. (b)(1)); (8) leaving the scene of an accident (Veh. Code, § 20002, subd. (a)); and (9) assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)).[2] Appellant contends that the trial court erred in imposing firearm enhancements pursuant to section 12022.5, subdivision (a), in counts 1 and 9 because use of a firearm is an element of assault with a firearm and assault with a semiautomatic firearm. He further contends that the court erred in imposing section 186.22, subdivision (b)(1)(C) gang enhancements on counts 1 and 9 because there was no underlying violent felony. We disagree with the contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 12, 2008, around 10:25 a.m., Raymond Luquin walked out of his home in the City of Los Angeles and saw a car pull up and stop on the other side of the street. Appellant was driving the car. Appellant pointed a gun at Luquin and asked if he was from KAM, a gang. Luquin replied that he was not

---

[1]     Count 5 was dismissed on the People's motion after the case was submitted to the jury.

[2]     All further statutory references are to the Penal Code unless otherwise specified.

from anywhere, and appellant said, "Fuck Kamotes. This is East L.A. Trece," a reference to another gang. Appellant then drove away.

Luquin's mother and sister flagged down a passing police car and reported the incident. Officers saw appellant, called for backup, and began following him. Appellant led officers on a long pursuit on the freeway and city streets until he ran a red light and crashed into three cars, injuring several people.

Appellant climbed out the car window, ran away, and fought with officers, but the officers subdued him and took him into custody. Luquin identified appellant in a field showup. Officers discovered about $700 and plastic baggies of methamphetamine in or near appellant's shoes, which had fallen off during the altercation. Officers also discovered a handgun and ammunition in his car.

A gang expert testified about the KAM and East L.A. Trece gangs and opined, based on appellant's gang field identification cards and tattoos, that he was a member of the East L.A. Trece gang. The officer further opined that appellant's pointing of the gun and his possession of methamphetamine were committed for the benefit of the gang.

Appellant was charged with nine counts: (1) assault with a firearm (§ 245, subd. (a)(2)); (2) evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a)); (3) resisting an executive officer (§ 69); (4) transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)); (5) possession for sale of a controlled substance (Health & Saf. Code, § 11378); (6) possession of a firearm by a felon (§ 12021, subd. (a)(1)); (7) possession of ammunition by a felon (§ 12316, subd. (b)(1)); (8) leaving the scene of an accident (Veh. Code, § 20002, subd. (a)); and (9) assault with a semiautomatic firearm (§ 245, subd. (b)).

The information further alleged as to all counts that appellant served one prior prison term (§ 667.5, subd. (b)) and suffered one prior strike pursuant to the

3

Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  As to all counts except count 8, it was alleged that appellant suffered one prior serious felony conviction (§ 667, subd. (a)(1)).

As to count 2, it was alleged that a principal was armed with a firearm (§ 12022, subd. (a)(1)), and as to counts 4 and 5, it was alleged that appellant was armed with a firearm (§ 12022, subd. (c)).  The information also alleged that Suares personally used a handgun in the commission of all offenses.  (§§ 12022.5.) The information contained gang allegations under section 186.22, subdivision (b)(1)(C) as to counts 1 and 9, and gang allegations under section 186.22, subdivision (b)(1)(A) as to counts 2 through 7.

The jury convicted appellant on all counts, except count 5, and found the allegations to be true.  The court sentenced appellant to a total term of 37 years 4 months, calculated as follows.

As to count 9 (assault with a semiautomatic firearm), the principal term, the court imposed the midterm of six years, doubled pursuant to Three Strikes, plus a four-year term for the firearm enhancement (§ 12022.5, subd. (a)), and a 10-year gang enhancement (§ 186.22, subd. (b)(1)(C)), for a total of 26 years.  As to count 1 (assault with a firearm), the court imposed a term of 20 years (six years, plus a four-year firearm enhancement (§ 12022.5, subd. (a)) and a 10-year gang enhancement (§ 186.22, subd. (b)(1)(C)), and stayed the sentence pursuant to section 654.  The court imposed a consecutive 16-month term on count 2 and imposed and stayed a four-month term on the section 12022, subdivision (a)(1) enhancement.  On count 3, the court imposed a consecutive term of 16 months.  As to count 4, the court imposed a consecutive term of two years, plus a one-year term for the firearm  enhancement (§ 12022, subd. (c)) and an eight-month term for the gang enhancement (§ 186.22, subd. (b)(1)(A)).  On count 6, the court imposed a

4

concurrent seven-year term (four years plus a three-year term for the gang enhancement (§ 186.22, subd. (b)(1)(A))). As to count 7, the trial court imposed a concurrent term of four years and imposed and stayed a three-year enhancement for the gang allegation (§ 186.22, subd. (b)(1)(A).) The court imposed a concurrent six-month term on count 8. The court imposed a consecutive term of five years pursuant to section 667, subdivision (a)(1), and it imposed and stayed a one-year term pursuant to section 667.5, subdivision (b). Appellant filed a timely notice of appeal.

## DISCUSSION

Appellant challenges his sentence on two grounds, neither of which we find meritorious.

I.    *Section 12022.5 Enhancements*

Appellant contends that the trial court erred in imposing section 12022.5, subdivision (a) firearm enhancements on counts 1 and 9 because the use of a firearm is an element of the offenses of assault with a firearm and assault with a semiautomatic firearm. Section 12022.5, subdivision (a) states: "Except as provided in subdivision (b), any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense." However, subdivision (d) of section 12022.5 provides: "Notwithstanding the limitation in subdivision (a) relating to being an element of the offense, the additional term provided by this section shall be imposed for any violation of Section 245 if a firearm is used."

5

Appellant was convicted of violating section 245, subdivision (a)(2), assault with a firearm, in count 1, and section 245, subdivision (b), assault with a semiautomatic firearm, in count 9. Thus, pursuant to section 12022.5, subdivision (d), the firearm enhancements were properly imposed on both counts.

Appellant relies on *People v. Sinclair* (2008) 166 Cal.App.4th 848 (*Sinclair*), in which we addressed the application of a one-year armed principal enhancement under section 12022, subdivision (a)(1) to a section 245 conviction for assault with a firearm. Section 12022 provides for a one-year enhancement for "any person who is armed with a firearm in the commission of a felony." (§ 12022, subd. (a)(1).) However, unlike section 12022.5, section 12022 does not contain an exception for a violation of section 245. *Sinclair* therefore is inapplicable.

II.     *Section 186.22 Enhancements*

Appellant's second contention is that the trial court erred in imposing 10-year gang enhancements on counts 1 and 9 pursuant to section 186.22, subdivision (b)(1)(C) because there was no underlying violent felony. "Subdivision (b)(1)(B) of section 186.22 authorizes a five-year enhancement when the underlying offense is a 'serious felony,' as defined in section 1192.7, subdivision (c); in addition, subdivision (b)(1)(C) of section 186.22 authorizes a 10-year enhancement when the underlying offense is a 'violent felony,' as defined in section 667.5, subdivision (c). Subdivision (c)(23) of section 1192.7 includes as a serious felony 'any felony in which the defendant personally used a dangerous or deadly weapon,' and thus encompasses assault with a firearm [citation]." (*Sinclair*, *supra*, 166 Cal.App.4th at p. 856.) Assault with a firearm is not listed as a violent felony in section 667.5, subdivision (c), but the statute defines "violent felony" to include "any felony in

6

which the defendant uses a firearm which use had been charged and proved as provided in subdivision (a) of Section 12022.3, or Section 12022.5 or 12022.55." (§ 667.5, subd. (c)(8).)

Appellant's argument that the 10-year gang enhancement should not have been imposed is based on his argument that section 12022.5 was not applicable to counts 1 and 9. He again relies on *Sinclair*, in which we held that the court was required to impose only the five-year gang enhancement of section 186.22, subdivision (b)(1)(B) rather than the 10-year enhancement in subdivision (b)(1)(C). (*Sinclair*, *supra*, 166 Cal.App.4th at p. 856.)

As discussed above, *Sinclair* is distinguishable because the firearm allegation in that case was for a person armed with a firearm under section 12022, not the firearm allegation for personal use of a firearm under section 12022.5. Section 667.5, subdivision (c)(8) specifically includes in its purview a felony in which firearm use has been charged and proved as provided in section 12022.5. (§ 667.5, subd. (c)(8).) Here, the allegation that appellant personally used a firearm pursuant to section 12022.5 was charged and found true. We therefore reject appellant's contention that the trial court erroneously imposed the 10-year gang enhancements under section 186.22, subdivision (b)(1)(C).

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


SUZUKAWA, J.

8