Filed 7/8/22 P. v. Botello CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049538 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. 17CR02566) |
| v. | |
| SEBASTIAN ANGUIANO BOTELLO, | |
| Defendant and Appellant. | |

## MEMORANDUM OPINION[1]

Defendant Sebastian Anguiano Botello pleaded no contest to first degree burglary (Pen. Code, § 459; count 1)[2] and discharge of a firearm with gross negligence (§ 246.3, subd. (a); count 2), along with three other charges. Counts 1 and 2 each contained a special allegation that Botello committed the offense while armed with a firearm, in violation of section 12022, subdivision (a)(1). The trial court sentenced Botello to the low term of two years on count 1, and to concurrent mid-term sentences for the remaining counts. The court stayed punishment on the firearm enhancement allegations on counts 1 and 2.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.) The facts of the offense are immaterial to this appeal.

[2] Further undesignated statutory references are to the Penal Code.

Botello makes two arguments on appeal. He contends that the abstract of judgment should be corrected to reflect that the trial court stayed punishment on the firearm enhancement as to count 1, and that the firearm enhancement for count 2 should be stricken. The Attorney General concedes both arguments.

As to count 1, the abstract of judgment does not accurately reflect the court's oral imposition of sentence with respect to the firearm enhancement. In criminal cases, the oral pronouncement of sentence constitutes the judgment, and where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) At Botello's sentencing, the trial court stated that it was staying punishment on the section 12022, subdivision (a)(1) enhancement as to count 1. However, the abstract of judgment does not reflect that the court imposed a section 12022, subdivision (a)(1) enhancement as to count 1, and instead it indicates that the court imposed the section 12022, subdivision (a)(1) enhancement only as to count 2. Because the court's oral pronouncement of sentence conflicts with the abstract of judgment, the abstract of judgment should be corrected to reflect the sentence imposed at the sentencing hearing. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [noting that the court has inherent power to correct clerical errors in its records].) We will direct the trial court to prepare an amended abstract of judgment reflecting the enhancement as to count 1 and showing that the punishment on the enhancement is stayed.

Botello next contends that the firearm enhancement should be stricken from count 2 because the enhancement is inapplicable to his conviction for discharge of a firearm. Subdivision (a)(1) of section 12022 authorizes a one-year enhancement for the use of a firearm in the commission of a felony "unless the arming is an element of that offense." (§ 12022, subd. (a)(1).) For purposes of section 12022, subdivision (a)(1), a defendant is armed if the defendant has the specified weapon available for use. (*People v. Bland*

(1995) 10 Cal.4th 991, 997.) Botello was convicted in count 2 of violating section 246.3, subdivision (a), which states that "[a]ny person who willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person is guilty of a public offense." (§ 246.3, subd. (a).) The prosecution was required to prove the defendant used a firearm in the commission of the offense to obtain a conviction under section 246.3, subdivision (a), and thus the firearm enhancement under section 12022, subdivision (a)(1) was not authorized for Botello's conviction in count 2. (See *People v. Sinclair* (2008) 166 Cal.App.4th 848, 856.) As to count 2, we will modify the judgment to strike the reference to the section 12022, subdivision (a)(1) enhancement, and as modified, we will affirm the judgment.

## DISPOSITION

The judgment is modified to reflect that the section 12022, subdivision (a)(1) enhancement for count 2 is stricken. As so modified, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment reflecting that a section 12022, subdivision (a)(1) enhancement was imposed, but stayed for count 1, and striking the section 12022, subdivision (a)(1) enhancement as to count 2.

_____
Greenwood, P. J.

WE CONCUR:


_____
     Grover, J.




_____
     Wilson, J.




People v. Botello
No. H049538