Filed 11/9/23  P. v. Chavez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DIMAS CLEMENTE CHAVEZ,<br><br>    Defendant and Appellant. | F085659<br><br>(Super. Ct. No. CF98612045)<br><br>**OPINION** |

-----

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, Plaintiff and Respondent.

-ooOoo-

-----

*Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

**INTRODUCTION**

A jury previously convicted defendant Dimas Clemente Chavez of shooting at an inhabited dwelling (Pen. Code, § 246). (Undesignated statutory references are to the Penal Code.) Two strike conviction allegations and two prior prison term enhancements were found true (§ 667.5). The court sentenced defendant to 25 years to life in prison and stayed the prior prison term enhancements.

In 2022, the court placed the matter on calendar after the California Department of Corrections and Rehabilitation (CDCR) notified the court defendant's sentence contained prior prison term enhancements that had been invalidated. After ordering briefing from the parties and holding a hearing, the court concluded defendant was not entitled to recall of his sentence and resentencing because the trial court had stayed the two prison prior enhancements. In this appeal, the parties agree the trial court erred in concluding defendant was not eligible for resentencing.

We agree the order should be vacated and conclude the matter must be remanded for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

In 1999, a jury convicted defendant of shooting at an inhabited dwelling (§ 246), and two prior prison enhancement allegations and two strike conviction allegations were found true. The court sentenced defendant to 25 years to life and imposed and stayed the two prison prior enhancements (§ 667.5, former subd. (b)).

In August 2022, the superior court filed a notice of calendar setting for defendant after receiving notification from the Secretary of the CDCR that defendant was identified as a person in their custody serving a sentence that included an enhancement imposed pursuant to section 667.5, former subdivision (b). In November 2022, the court held a hearing during which defense counsel represented that defendant wanted to be present and that he requested a full resentencing hearing. In response, the prosecutor asserted defendant's prison priors were stayed at sentencing, and he was not eligible for relief.

2.

Defense counsel stated she "d[id] not disagree with the statement that was just made." She conceded defendant's "two prison priors were imposed and stayed according to the official record, … the abstract of judgment in the Court's file." She argued, however, "even though they were stayed, … they were originally imposed," and they were requesting "a resentencing any way." She conceded it would not change defendant's "exposure."

The court held: "In light of the fact that the prison priors were stayed and there will not be any additional sentence that he would be serving, though the staying may have in fact been … an invalid order, this Court is of the opinion that it won't change the outcome. I'm going to reverse ruling on that and ask that the parties look into this unique situation." The court reset the matter and asked defense counsel to give the court statutory authority or case law that allowed it to resentence a person "that effectively was not sentenced to those years other than just being stayed."

The People filed a sentencing brief asserting Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) was inapplicable to "stayed" prison priors. They asserted the original trial court erred in staying the prison prior enhancements as it only had authority to strike or impose them; accordingly, the sentence was unauthorized. They asserted the court lacked jurisdiction to now correct the unauthorized sentence. They further argued the language and legislative history of Senate Bill 483 established defendant was not eligible for recall and resentencing because the prison prior enhancements were stayed. Additionally, defendant was not currently serving a term for a judgment that included a prison prior enhancement as required by the plain language of section 1172.75.

Defendant filed a response asserting his sentence should be recalled and he should be resentenced because section 1172.75 makes eligible all individuals serving a term for judgment where a now invalid enhancement imposed pursuant to section 667.5, former subdivision (b) appears on the abstract of judgment. He argued an individual meets the initial threshold eligibility requirements under Senate Bill 483 if the judgment includes an

3.

invalid prison prior enhancement, regardless of whether he is currently serving time for the enhancement.

In January 2023, the court held another hearing at which it stated: "This court does not believe sentence is imposed in the sense of the intent of the legislature to reduce incarceration time when a sentence is stayed." Accordingly, the court concluded it did not believe defendant was "eligible for further resentencing given that his sentence was stayed, and he's not serving any additional term because of that enhancement and the prison prior." Accordingly, the court denied the request with prejudice.

## DISCUSSION

### I.     Resentencing Proceedings Under Section 1172.75

Prior to January 1, 2020, section 667.5, former subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Enhancements based on prior prison terms served for other offenses became legally invalid. (See *Jennings*, *supra*, at p. 682.)

Later, in 2021, the Legislature enacted Senate Bill 483. This bill explicitly made the changes implemented by Senate Bill 136 retroactive. (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply … Senate Bill 136 of the 2019–20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].) It took effect on January 1, 2022, and

added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

Section 1172.75 states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." (§ 1172.75, subd. (a).) The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements. Subdivision (b) directs the Secretary of the CDCR and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and … provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) The statute provides this is to be done in two groups. First, "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [affected] enhancement." (§ 1172.75, subd. (b)(1).) And second, "[b]y July 1, 2022, for all other individuals." (*Id.*, subd. (b)(2).)

After the trial court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) This part of section 1172.75 also divides relief into two parts. Specifically, the review and resentencing shall be completed "[b]y October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the [affected] enhancement" (§ 1172.75, subd. (c)(1)), and "[b]y December 31, 2023, for all other individuals" (§ 1172.75, subd. (c)(2)).

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce

5.

sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

## II.     Analysis

Defendant argues, and the People now agree, that section 1172.75 applies to all convictions that contain the imposition of now invalid section 667.5, former subdivision (b) enhancements, irrespective of whether the enhancements were ordered stayed or executed. Accordingly, the parties assert remand is required for the court to conduct a full resentencing at which the court should not only strike the section 667.5, former subdivision (b) enhancements, but should also consider all recent ameliorative sentencing statutes. We agree.

As the parties acknowledge, section 1172.75, subdivision (a) made legally invalid "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5," other than those imposed for a sexually violent offense. And here, the trial court imposed and then stayed two section 667.5, former subdivision (b) enhancements that were not imposed for sexually violent offenses. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 ["it is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*'"].) Accordingly, pursuant to section 1172.75, defendant's one-year prior prison term enhancements under section 667.5, former subdivision (b) are no longer valid. (§ 1172.75, subd. (a).) And the plain language of

6.

section 1172.75 required the court to "recall the sentence and resentence the defendant" after defendant was identified by CDCR and the court verified that the current judgment included sentencing enhancements described in subdivision (a). (§ 1172.75, subd. (c).) The court's failure to do so was error.

Thus, we agree with the parties; reversal of the court's order and remand on this basis is required.[1] Pursuant to the statute, during resentencing the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

## DISPOSITION

The court's order denying defendant relief under section 1172.75 is reversed and the matter is remanded for resentencing consistent with section 1172.75 and all current sentencing statutes.

---

[1]Because we conclude reversal of the court's order and remand is required on another basis, we need not reach defendant's constitutional arguments.

7.