Filed 1/10/25  P. v. Fuentes CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063648 |
| v. | (Super. Ct. No. 15CF2362) |
| JOHNNY MANUEL FUENTES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette

C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

*     *     *

THE COURT:[*]

Defendant Johnny Manuel Fuentes appeals the trial court's denial of his petition to recall his sentence and resentence him, pursuant to Penal Code section 1172.75.[1] Defendant argues he is entitled to be resentenced on his now invalid section 667.5, subdivision (b) prior prison term enhancement. The Attorney General argues defendant is not entitled to resentencing because the trial court struck the section 667.5 enhancement. We agree with defendant and reverse and remand for resentencing.

PROCEDURAL HISTORY

In 2017, defendant pleaded guilty to second degree robbery (§ 211/212.5, subd. (c); count 1) and gang-related vandalism in an amount under $400 (§§ 186.22, subd. (d), 594, subds. (a), (b)(2)(A); count 2). Defendant admitted prior serious felony (§ 667, subd. (a)(1)), personal use of a deadly weapon (§ 12022, subd. (b)), gang (§ 186.22, subd. (b)(1)), and prior prison term (§ 667, subd. (b)) allegations.

The trial court sentenced defendant to a total term of 15 years, consisting of five years on count 1, a two year concurrent sentence on count 2, and an additional 10 years for the serious felony enhancements. The court imposed but struck the punishments for the gang, deadly weapon, and section 667.5 subdivision (b) prior prison term enhancements.

---

[*]  Before O'Leary, P. J., Moore, J., Sanchez, J.

[1]  All statutory references are to the Penal Code.

In 2023, defendant filed a petition for recall of sentence pursuant to section 1172.75 and declared in his petition that his "name and case number appear on the . . . list provided by the [Department of Corrections and Rehabilitation] to the Court, District Attorney, and Public Defender." The trial court declined to recall defendant's sentence "because all related enhancements were either stayed or stricken at time of sentencing." The trial court, relying on the reasoning in *People v. Rhodius* (2023) 97 Cal.App.5th 38, 42, review granted February 21, 2024, S283169, concluded, "[T]he ambiguous [term] 'imposed' was shorthand for 'imposed and executed'" because section 1172.75, subdivision (d)(1), which requires the sentence to be lessened, would otherwise "not make sense . . . ."

## DISCUSSION

### I.

### DEFENDANT IS ENTITLED TO A RESENTENCING HEARING

Effective January 1, 2022, section 1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." The question before us is whether section 1172.75 entitles defendant to a resentencing hearing where his prior prison terms were stricken for the purposes of sentencing.

*A. Standard of Review*

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense

3

meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

B. *Analysis*

Analysis of the statute and its legislative history leads us to conclude that section 1172.75 applies to enhancements, like defendant's, which were stricken for purposes of sentencing, not just those that were imposed and executed.

First, the plain language of section 1172.75 does not limit its application solely to those defendants whose enhancements were executed. Rather, the statute requires identification of "those persons in . . . custody currently serving a term for a judgment that includes an [invalid] enhancement . . . ." (§ 1172.75, subd. (b).) Thus, the fact that the Legislature did not require that section 1172.75 apply only to those defendants actually serving a sentence for the enhancement indicates the Legislature did not intend to restrict relief to those defendants whose sentences have been both imposed and executed. This position is consistent with cases which have concluded that section 1172.75 applies to enhancements which have been imposed but stayed. (See, e.g., *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted Feb. 21, 2024, S283189.) As the *Christianson* court noted, "[I]f the Legislature . . . intended to limit section 1172.75 only to those

4

individuals [who] were currently serving an additional term based on the enhancement, it had the ability to do so." (*Id.* at p. 313.)

Second, applying section 1172.75 to enhancements which were stricken for purposes of sentencing comports with the Legislature's express intent in "'*reducing* sentences'" and ameliorating "'existing racial and socio-economic disparities in our criminal justice system.'" (*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277, review granted Mar. 12, 2024, S283547.) When an enhancement has been found true, it becomes part of the judgment and must be addressed as part of the sentencing process. Even where the court strikes the enhancement for purposes of sentencing, as here, it may later be imposed and executed so that the defendant serves an additional term of imprisonment, contrary to the Legislature's intent in reducing sentences.

Additionally, we agree with the sole published case to address this issue, which concluded that section 1172.75 applies to enhancements which were stricken at sentencing. (*People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987.) We agree with the *Espino* majority that there is no articulable reason to differentiate between section 667.5 enhancements which have been executed, stayed, or stricken for purposes of sentencing. In each of these cases, the judgment contains a now-invalid enhancement for a prior prison term, regardless of how the court originally addressed such enhancement.

Accordingly, the plain language of the statute, legislative intent, and case law support the conclusion that defendants subject to now-invalid section 667.5, subdivision (a) enhancements are entitled to a resentencing

5

hearing, regardless of whether the enhancement was imposed. We therefore reverse the trial court's order denying defendant's request for resentencing.[2]

## DISPOSITION

The postjudgment order denying defendant's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

---

[2] Because we conclude defendant is entitled to a resentencing hearing pursuant to the terms of section 1172.75, which includes the right to be present (see, e.g., *People v. Velasco* (2023) 97 Cal.App.5th 663, 673), we decline to address defendant's alternative argument that his Sixth and Fourteenth Amendment right to be present at a critical stage of criminal proceedings were violated by the trial court's failure to order a resentencing hearing.