Filed 3/19/25  P. v. Navarro CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CESAR ARMANDO NAVARRO,<br><br>    Defendant and Appellant. | H051272<br>(Santa Clara County<br>Super. Ct. Nos. F1556292 &<br>F1557826) |

Defendant Cesar Armando Navarro[1] sought resentencing under Penal Code section 1172.75.[2]  This statute provides for resentencing in eligible cases in which a prior prison term enhancement under former section 667.5, subdivision (b) was imposed before January 1, 2020.  The trial court denied resentencing, reasoning that Navarro was not eligible for resentencing because the punishment for his prior prison term enhancements was stricken.  The trial court thus concluded that these enhancements were not "imposed," as required by section 1172.75, subdivision (a).

On appeal, Navarro argues that the trial court erred in denying him resentencing because an enhancement under former section 667.5, subdivision (b) for which the punishment was stricken was nonetheless imposed within the meaning of section 1172.75, subdivision (a).  We agree and reverse.

---

[1] Navarro's middle name is alternatively spelled as "Armondo" at points in the appellate record.

[2] Unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[3]

This matter involves four cases that were joined for purposes of sentencing. In case No. F1556292, Navarro pleaded no contest to false personation (§ 529), and he admitted a prior prison term allegation (former § 667.5, subd. (b)). In case No. F1557826, Navarro pleaded no contest to second degree burglary (§§ 459, 460, subd. (b)), and he again admitted a prior prison term allegation (former § 667.5, subd. (b)). The remaining two cases did not include prior prison term allegations.

At sentencing, the trial court struck the punishment for the prior prison term allegations. The trial court imposed an aggregate sentence of 20 years in prison.

Effective in 2020, the Legislature limited the circumstances in which a prior prison term enhancement may apply, and effective in 2022, it enacted what is now section 1172.75 to allow for resentencing in cases involving now-invalid prior prison term enhancements. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020; former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)

Navarro petitioned for resentencing under section 1172.75 in 2023. The prosecution asserted that Navarro was ineligible for resentencing because prior prison term enhancements for which the punishment was stricken were not "imposed" within the meaning of section 1172.75, subdivision (a). The trial court denied resentencing, stating: "The section 667.5(b) enhancement was not 'imposed' because no additional term of punishment was added to the base when the punishment was stayed or stricken at the time of sentencing."

Navarro timely appealed.

---

[3] The underlying facts of Navarro's crimes are not relevant to the issue on appeal. Therefore, we only include the procedural history of this matter.

## II. DISCUSSION

Navarro argues he is entitled to section 1172.75 resentencing because his prior prison term enhancements were imposed, even though the punishment for these enhancements was stricken.  He cites appellate decisions, including decisions from panels of this Court, that support his position.  The Attorney General contends that Navarro is not eligible for resentencing, urging this Court to follow the approach taken in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*).

Reviewing the issue de novo (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1282 (*Renteria*)), we follow the weight of authority in concluding that an enhancement is "imposed" even if the punishment for the enhancement is stayed or stricken.  Therefore, the trial court erred in denying Navarro resentencing.

Section 1172.75 provides that, with one exception not applicable here, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid."  (§ 1172.75, subd. (a).)  The statute requires the Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).)  After receiving that information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (*Id.*, subd. (c).)

A split of authority exists regarding the application of section 1172.75 to prior prison term enhancements for which the punishment was stayed.  In *Rhodius*, the Court of Appeal relied on *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*), in which the California Supreme Court stated that the word "impose" as used in section 12022.53,

subdivision (f)[4] means "impose and then *execute*, as opposed to impose and then *stay*." (*Gonzalez*, *supra*, at p. 1126.)  Based on *Gonzalez* and the legislative history of section 1172.75, the *Rhodius* court concluded that section 1172.75 was intended to apply to enhancements that were imposed and executed, not imposed and stayed.  (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 44-45, review granted.)

A panel of this Court, however, reached a different conclusion in *Renteria*, noting that the California Supreme Court in *Gonzalez* also stated that " 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*." ' [Citation.]"  (*Renteria*, *supra*, 96 Cal.App.5th at p. 1282.)  The panel in *Renteria* therefore concluded that Renteria was entitled to full resentencing under section 1172.75, despite the fact that his sentence included a stay of the prior prison term enhancements.  (*Renteria*, *supra*, at pp. 1282-1283.)

Other appellate courts have similarly concluded that section 1172.75 applies where the punishment for prior prison term enhancements was stayed.  (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted Mar. 12, 2024, S283547; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674, review granted Aug. 12, 2024, S285853; *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1148 (*Bravo*).)  Similarly, in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 (*Espino*), a panel of this Court concluded:  "A number of published decisions have considered whether section 1172.75 applies where a now-invalid prison prior was imposed but stayed rather than executed.  All but one has rejected the argument, advanced by the Attorney General here, that section 1172.75 applies only to now-invalid prison priors that were both imposed and executed.  We

---

[4] Section 12022.53 concerns sentence enhancements for the use of a firearm in the commission of enumerated felonies.

conclude that there is no persuasive reason to depart from this view, which is based on the ordinary meaning of the word 'imposed,' and that section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*Id.* at p. 193.)

We agree with the reasoning of *Renteria, Espino*, and the majority of appellate decisions on this issue. Therefore, we conclude that a prior prison term enhancement is "imposed" for purposes of section 1172.75 even if the punishment has been stayed.

The Attorney General argues that section 1172.75 generally requires that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement" and that a sentence cannot be reduced if it was not increased by an enhancement in the first place. (§ 1172.75, subd. (d)(1).) This argument is unpersuasive. As the Court of Appeal observed in *Christianson*, "a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) Thus, elimination of a prior prison term enhancement results in a "lesser sentence" even if it does not result in a shorter one. (See *Espino*, *supra*, 104 Cal.App.5th at p. 197, review granted ["even when a prison prior is stayed and not executed, elimination of the prison prior reduces the potential sentence facing the defendant and therefore results in a lesser sentence than the one originally imposed"]; *Bravo*, *supra*, 107 Cal.App.5th at p. 1156 ["eliminating a stayed [prior prison term] enhancement results in a 'lesser sentence' for purposes of section 1172.75 even though it does not result in a shorter sentence"].)

The trial court in this matter struck the punishment for the prior prison term enhancements rather than staying the punishment. However, this does not alter our analysis. As a panel of this Court recognized in *Espino*, "section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was

5

executed, stayed, or struck." (*Espino*, *supra*, 104 Cal.App.5th at p. 193, review granted.) The Court in *Espino* observed that "when an enhancement has been imposed but punishment struck, '[t]he fact of the enhancement . . . remain[s]' and may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions. [Citations.]" (*Id*. at p. 201.)

Navarro is serving a sentence based on a judgment that includes qualifying prior prison term enhancements. Therefore, he is entitled to resentencing under section 1172.75. Accordingly, we remand the matter for the trial court to recall Navarro's sentence and to resentence him.

### III. DISPOSITION

The trial court's order denying Navarro resentencing under Penal Code section 1172.75 is reversed. The matter is remanded to the trial court, which is directed to recall Navarro's sentence and to resentence him consistent with Penal Code section 1172.75 and current law.

_____
Greenwood, P. J.

WE CONCUR:

_____
_____
Grover, J.

_____
Wilson, J.

H051272 People v. Navarro