Filed 3/24/25  P. v. Rodola CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082873 |
| v. | (Super.Ct.No. RIF72310) |
| RONALD EDWARD RODOLA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Sulaiman, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1997, a jury convicted Ronald Edward Rodola of first degree burglary. (Pen. Code, § 459.) (Unlabeled statutory citations refer to the Penal Code.) Rodola waived a jury trial on the prior conviction allegations, and he admitted that he had served four prior prison terms (former § 667.5, subd. (b)), that he had been convicted of three serious felonies (§ 667, subd. (a)), and that he had a prior strike conviction (§ 667, subd. (e)(1)). The court sentenced him to 40 years to life in state prison. His sentence consisted of 25 years to life for the robbery count and five years for each of his three serious felony convictions, and the court imposed but stayed four one-year sentences for the prior prison term enhancements.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that Rodola was serving a term for a judgment that included prior prison term enhancements that are now invalid under section 1172.75.[1] In December 2023, the court held a hearing and declined to strike the enhancements and to resentence Rodola, finding that Rodola was not eligible for relief under section 1172.75.[2]

On appeal, Rodola argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed and stayed. We disagree.

---

[1]    On the court's own motion, we took judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and augmented the record in this case to include the CDCR list dated June 16, 2022, listing individuals eligible for relief under section 1172.75. Rodola is listed on page 26 of that document.

[2]    The People filed a request for judicial notice on August 13, 2024. We granted that request and took judicial notice of the reporter's transcripts in *People v. Archuleta* (Court of Appeal case No. E082960; Riverside County Superior Court case No. RIF1605083) and *People v. Bonachea* (Court of Appeal case No. E082877, Riverside County Superior Court case No. BAF1801172), which are attached to the People's request.

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of CDCR and the administrators for each county jail to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The case law is currently split on the issue of whether section 1172.75 applies to prior prison term enhancements that were imposed but stayed. *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), held that "imposed" in subdivision (a) of section 1172.75 must be interpreted to mean "imposed and executed" in order to make sense of the requirement in section 1172.75, subdivision

(d)(1), that resentencing must result in "*a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement*." (*Rhodius*, at pp. 43-45.)

The rest of the appellate decisions to consider the issue have concluded that section 1172.75 applies regardless of whether the imposed prior prison term enhancement was executed or stayed. (*People v. Renteria* (2023) 96 Cal.App.5th 1276; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*).) *Christianson*, *Saldana*, and *Mayberry* reasoned that *Rhodius*'s concern about applying section 1172.75 to stayed enhancements was unfounded, because striking a stayed enhancement does result in a "lesser" sentence within the meaning of section 1172.75, subdivision (d)(1). As *Christianson* explained, a stayed enhancement carries "the potential for an increased sentence," because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, at p. 312.) Striking a stayed enhancement thus results in a "lesser sentence" within the meaning of section 1172.75, subdivision (d), because it eliminates the risk that the enhancement will be executed in the future. (*Christianson*, at p. 312; see also *Saldana*, at p. 1278; *Mayberry*, at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].)

4

Our Supreme Court has granted review to resolve the split. (*Rhodius*, *supra*, 97 Cal.App.5th 38, review granted.) Pending guidance from the Supreme Court, we agree with *Rhodius* for the following reasons: The primary goal of statutory interpretation "'is to determine the Legislature's intent so as to effectuate the law's purpose.'" (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1105.) As *Rhodius* explained, the Supreme Court has held that the statutory term "impose" is ambiguous because the Legislature sometimes uses it "as shorthand for 'impose and then execute.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1127, italics omitted; *Rhodius*, at p. 43.) The consequent ambiguity in subdivision (a) of section 1172.75 is resolved by the unambiguous declaration of legislative intent in the uncodified preamble of Senate Bill No. 483 (2021-2022 Reg. Sess.), which created section 1171.1, which was later renumbered as section 1172.75 by Assembly Bill No. 200 (2021-2022 Reg. Sess.). The Legislature explained that "it is the intent of the Legislature to retroactively apply [the new limitations on prior prison term enhancements] *to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*." (Stats. 2021, ch. 728, § 1, italics added.) A defendant as to whom a prior prison term enhancement was imposed but stayed is not serving a term of incarceration in jail or prison for that enhancement, so the Legislature did not intend to provide retroactive relief to such a defendant. Therefore, in subdivision (a) of section 1172.75, the Legislature must have used "imposed" as shorthand for "imposed and executed." Because section 1172.75 consequently does not apply to stayed

5

enhancements, the trial court correctly declined to strike Rodola's enhancements and resentence him.

DISPOSITION

The trial court's order denying relief under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ<br>
J.

We concur:


MILLER<br>
Acting P. J.


CODRINGTON<br>
J.

6