Filed 4/18/25  P. v. Harris CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082950 |
| v. | (Super.Ct.No. BLF1400195) |
| MICHAEL DESHAWN HARRIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kathryn Kirschbaum and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Michael Deshawn Harris appeals the order of the Riverside County Superior Court denying his motion for resentencing pursuant to Penal Code section 1172.75.[1] We will affirm.

## BACKGROUND

In 2014, defendant was convicted of first degree burglary with a person present who was not an accomplice (§§ 459, 667.5, subd. (c)(21), count 1), infliction of corporal injury on a spouse (§ 273.5, subd. (a), count 2), and first degree robbery (§ 211, count 3). Defendant admitted he had a prior serious felony conviction (§ 667, subd. (a)) and a prison prior (§ 667.5, subd. (b)). The court sentenced him to a prison term of 15 years, consisting of eight years for the burglary (midterm of four years doubled on account of the strike prior), two years for the injury of a spouse (one-year doubled), and five years for the serious felony conviction. It also imposed a three-year term for the robbery, which it stayed pursuant to section 364. The court struck the punishment for the prison prior but the abstract of judgment incorrectly reflected that it was stayed.[2]

1. *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was for specific sexually violent offenses. (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) The

---

[1] All further statutory references are to the Penal Code.

[2] As noted *post*, the trial court subsequently ordered amendment of the abstract of judgment to eliminate all reference to the prison prior.

amendment was retroactive to any case in which the judgment was not final. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

In 2022, section 1172.75 became effective.[3] (Stats. 2021, ch. 728, eff. Jan. 1, 2022.) Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was imposed prior to January 1, 2020. (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement coming within subdivision (a) of section 1172.75 and to provide the name of each person and other specified identifying information to the sentencing court. (§ 1172.75, subd. (b).)

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a section 1172.75, subdivision (a) enhancement. (§ 1172.75, subd. (c).) If the court determines the current judgment includes the enhancement, it must recall the sentence and resentence the defendant. (*Ibid.*)

Following the passage of section 1172.75, a dispute arose in the courts of appeal with respect to the meaning of the word "imposed" in subdivision (a). In *People v.*

---

[3] At the time of its enactment in January 2021, section 1172.75 was numbered 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12). For the sake of simplicity, will refer to the provision by its current number.

*Rhodius*, this court held "imposed" means a defendant is entitled to a resentencing hearing only if the prison prior was imposed and executed. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 45 (*Rhodius*), review granted Feb. 21, 2024, S283169.) Other courts have arrived at a different conclusion. For example, in *People v. Christianson* (2023) 97 Cal.App.5th 300, 313–316 (*Christianson*), review granted February 21, 2024, S283189, Division One of the Fourth District concluded "imposed" includes sentences imposed and stayed. In *People v. Espino* (2024) 104 Cal.App.5th 188, 196–197 (*Espino*), review granted October 23, 2024, S286987, the Sixth District decided defendants are entitled to resentencing whether punishment for the prison prior was executed, stayed, or stricken.

2. *The Application of Section 1172.75 in Defendant's Case, Resulting in this Appeal*

Defendant was included in a CDCR list of persons sentenced in Riverside County considered to be eligible for resentencing relief because of a prison prior.[4] At the ensuing hearing in December 2023, the sentencing court recognized the error in the abstract of judgment and ordered it corrected nunc pro tunc to reflect that the punishment for the prison prior was stricken, not stayed, at the time of defendant's sentencing in 2014. An amended abstract of judgment that does not contain reference to any section 667.5, subdivision (b) prison prior was filed on January 2, 2024. It then denied defendant's

---

[4] On our own motion, we (i) take judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and (ii) augment the record in this case to include the CDCR list attached to those declarations. That list, dated June 16, 2022, sets forth the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 18.

4

request for full resentencing "for the reasons articulated in [the sentencing court's case number] RIF1605083."[5]  Defendant then timely noticed this appeal.

## DISCUSSION

Defendant argues reversal of the court's order and remand for a new sentencing hearing is called for because he should have been afforded a full resentencing hearing pursuant to section 1172.75.

As noted *ante*, appellate courts are divided on the issue whether a full resentencing hearing is required when a defendant's sentence includes a prison prior that is not executed.  In the absence of direction to the contrary from California's Supreme Court on the issue, we continue to adhere to our decision in *Rhodius*, *supra*, 97 Cal.App.5th at pages 44–49, review granted, that is, section 1172.75 resentencing relief applies only to sentences for prison priors that are imposed *and* executed, not to those that have been stayed or the punishment stricken.  Our conclusion is bottomed on the statute's requirement that the elimination of the repealed prison prior enhancement must result in the reduction of the sentence.  (§ 1172.75, subd. (d)(1); *Rhodius*, at pp. 42–45, review granted.)

---

[5]     The case the court referred to appears to be its decision in *People v. Archuleta*, which was appealed to this court.  (*People v. Archuleta* (Jan. 30, 2025, E082960) [nonpub. opn.].)  There, we affirmed the order of the Riverside County Court (Judge John D. Molloy) denying the defendant relief on the grounds he was ineligible for recall and resentencing under section 1172.75 because he was not serving any additional time for his prison priors, which either been stayed or the punishment stricken.  (*Archuleta*, *supra*, E082960.)

Here, the punishment for defendant's prison prior was stricken and, at the section 1172.75 hearing, the sentencing court ordered correction of the abstract of judgment to reflect that fact. Because defendant's sentence was not subject to reduction, he was not entitled to a full resentencing hearing.

Defendant posits he should have been afforded a rehearing because (i) the language of section 1172.75 does not limit its application to prison prior sentences that have been executed; (ii) the Legislature's long-term goal of criminal justice reform in general, and its refusal to enact section 1172.75 as a purely administrative adjustment in particular, supports the notion that resentencing is required in every case involving a section 1172.75, subdivision (a) prison prior; (iii) providing full resentencing for all defendants comports with Legislature's goals of criminal justice reform and reducing the prison population as evidenced by the many reforms listed in his brief; and, (iv) the rule of lenity requires any ambiguity in the statute to be resolved in his favor.

We are not persuaded. As we explained in *Rhodius*, subdivision (d)(1) of section 1172.75 requires resentencing of defendants with a prison prior to result in a lesser sentence than the one originally imposed unless there is clear and convincing evidence that a reduced sentence would endanger public safety. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 43, review granted.) The only sensible reading of that provision is that it is intended to apply only in cases in which the prison prior actually increased a defendant's sentence. (*Id.*, at pp. 43–44.) To expand the lesser sentence requirement to cases in which the enhancement was ordered and then stayed or stricken would mean the sentencing court

6

must arbitrarily reduce prison terms imposed pursuant to other statutes having nothing to do with a legally invalid prison prior. (*Ibid.*)

Moreover, the Legislature is known to use the word "impose" as shorthand for impose and then execute. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126–1127.) That it did so with respect to section 1172.75 is made clear in the uncodified preamble to Senate Bill No. 483 in which the Legislature found and unambiguously declared that, as part of its efforts to ensure equal justice and address systemic racial bias in sentencing, it intended to retroactively apply amended section 667.5(b) to "all persons *currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*." (Stats. 2021, ch. 728, § 1, italics added.)

There is no call for application of the rule of lenity in view of the Legislature's unambiguous declaration. (*People v. Reynoza* (2024) 15 Cal.5th 982, 1012 [the rule of lenity applies only if two reasonable interpretations of a statute stand in relative equipoise].) And, although defendant is correct that the Legislature has enacted many reforms to reduce sentences, that fact does not give the courts license to step into a legislative role and broaden the application of section 1172.75 to include persons who are not currently serving a term of incarceration on account of a prior prison term that was imposed and executed.

Defendant also argues that our opinion in *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted*,* is not worthy of allegiance because it is an unsound "outlier" not in keeping three other published cases that agree resentencing is required even if the prison prior has been stayed. He invites us to embrace the "best reasoned" opinion of the three,

7

*Christianson*, *supra*, 97 Cal.App.5th 300, review granted.  We decline the invitation.  The Supreme Court has granted review in *Christianson* and *Rhodius*, and we see no reason to abandon *Rhodius* unless and until the Supreme Court instructs us to take a different approach.

**DISPOSITION**

The order denying defendant's request for section 1172.75 resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.


We concur:

McKINSTER

J.

MILLER

J.