Filed 6/23/25  P. v. Fields CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD MARKEITH FIELDS,<br><br>    Defendant and Appellant. | B334366<br><br>(Los Angeles County<br>Super. Ct. No. TA055358) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Vacated and remanded.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Sophia A. Lecky, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Richard Markeith Fields (defendant) appeals the trial court order declining to take action after the California Department of Corrections and Rehabilitation (CDCR) identified defendant as a person serving an invalid sentence pursuant to Penal Code section 1172.75.[1] Defendant contends the trial court was required to recall his sentence and conduct a full resentencing under current law. We agree and vacate the trial court's order and remand the matter for recall and resentencing under current law in accordance with section 1172.75.

## BACKGROUND

In 2000, a jury convicted defendant of second degree robbery. (§ 211.) Following a court trial, defendant was found to have served one prior prison term within the meaning of section 667.5, subdivision (b), and sustained two prior convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), as well as two prior serious felony convictions within the meaning of section 667, subdivision (a)(1) (recidivist enhancement). The trial court granted the prosecution motion to strike one of the two recidivist enhancements and denied defendant's motion to strike his prior convictions. The court then sentenced defendant to a total term of 30 years to life in prison, comprised of a third-strike term of 25 years to life, plus one 5-year recidivist enhancement. The court stayed the one-year prior prison term enhancement. The judgment was affirmed in *People v. Fields* (July 25, 2001, B143887) (nonpub. opn.).

---

[1] All further unattributed code sections are to the Penal Code unless otherwise stated.

2

On December 22, 2022, the CDCR informed the trial court defendant's sentence qualified for resentencing under section 1172.75. On December 23, 2022, without the presence of defendant or counsel, the trial court issued a minute order as follows: "The defendant has been identified as an individual who has received an invalid sentencing enhancement pursuant to Penal Code section 1172.75(a). [¶] Pursuant to Penal Code section 1172.75(c) the court has reviewed the file and determined that the defendant is not eligible for resentencing under this section due to the fact that the invalid enhancement was stayed and does not add additional custody time to defendant's sentence. [¶] No action is taken in this matter."

We granted defendant's motion to file a late notice of appeal and to appoint counsel, directed the trial court to file defendant's notice of appeal, and directed the California Appellate Project to assign counsel to represent defendant in any further appellate proceedings. Defendant filed a notice of appeal within the time allowed.

## DISCUSSION

Defendant contends the trial court erred in summarily declining to take action on the CDCR's recommendation to recall his sentence due to an invalid enhancement and in finding that he was ineligible for resentencing because the enhancement was stayed. The People disagree. The issue in this appeal is thus whether section 1172.75 precludes recall and full resentencing on the ground defendant's prior prison term enhancement under section 667.5, former subdivision (b) had been imposed and stayed.

When defendant was sentenced in 2000, section 667.5, former subdivision (b) required the imposition of a one-year enhancement for each finding of a separate prior prison or county jail term served by the defendant, unless the defendant had remained free of custody for at least five years.  (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282 (*Renteria*).)  Effective January 1, 2020, the Legislature amended the statute to impose a one-year enhancement only for each prior term served for a conviction of a sexually violent offense.  (Stats. 2019, ch. 590, § 1.) Two years later, the Legislature added section 1171.1 making the change retroactive, declaring that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75 subd. (a).)[2]

Section 1172.75, subdivision (b) requires the Secretary of the CDCR to identify to the sentencing court any person in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)."  Under section 1172.75, subdivision (c), if the sentencing court finds the judgment includes a now-invalid prior prison term enhancement, "the court shall recall the sentence and resentence the defendant."  Section 1172.75, subdivision (d)(1) further provides that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing

_____

[2]    Effective June 30, 2022, section 1171.1 was renumbered 1172.75.  (See Stats. 2022, ch. 58, § 12.)

evidence that imposing a lesser sentence would endanger public safety." In no event shall resentencing "result in a longer sentence than the one originally imposed." (*Ibid*.)

The court minutes of the sentencing hearing state: "As to count 1, defendant is sentenced to 25 years to life in state prison pursuant to 1170.12 (a) through (d) and 667(b) through (i) of the Penal Code. Additionally, the defendant is sentenced to 5 years pursuant to 667(a)(1) of the Penal Code. [¶] Total time in state prison is 30 years to life. [¶] The 1-year 667.5(b) PC enhancement is stayed."[3]

There is a conflict in the Courts of Appeal regarding whether section 1172.75 permits resentencing for defendants whose judgments include stayed prior prison term enhancements under section 667.5, former subdivision (b). The issue is pending before the California Supreme Court in *People v. Rhodius* (2023) 97 Cal.App.5th 38, 44, review granted February 12, 2024, S283169 (*Rhodius*), the only published opinion that holds the defendant would not be eligible for recall and resentencing due to an invalid but stayed enhancement, and upon which the People rely. On the other side, in the majority of published opinions, appellate courts take the opposite view, holding that section 1172.75 applies to invalid enhancements that were stayed or stricken by the sentencing court. (See *People v. Espino* (2024) 104 Cal.App.5th 188, 194–198, review granted Oct. 23, 2024, S286987; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674–676, review granted Aug. 14, 2024, S285853; *People v. Saldana*

---

[3] We quote the minutes of the sentencing hearing because much of the 2000 trial record, including the reporter's transcript, is unavailable and the clerk's transcript does not include the abstract of judgment.

(2023) 97 Cal.App.5th 1270, 1276–1279, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Christianson* (2023) 97 Cal.App.5th 300, 311–316, review granted Feb. 21, 2024, S283189 (*Christianson*); *Renteria, supra*, 96 Cal.App.5th at pp. 1282–1283.)

As the People acknowledge "it is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.) The context in which the terms are used must be examined. (*Id*. at p. 1126 [considering the terms in relation to § 12022.53, subd. (f)].) Although the statute the court was construing was section 12022.53, subdivision (f), the People argue *Gonzalez* as holding the word "imposed" used by itself necessarily means imposed and executed, not imposed and stayed.

The People rely on *Rhodius, supra*, 97 Cal.App.5th at page 44, review granted, where that court concluded "[i]n order to harmonize section 1172.75, subdivision (d)(1)'s [lesser-sentence] requirement with section 1172.75[,] subdivision (a), the meaning of 'impose' must be interpreted to mean 'imposed and executed.'" The *Rhodius* court reasoned defendants with stayed prior prison term enhancements are not entitled to recall and resentencing under the statute as "[s]ection 1172.75[,] subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to

6

have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here. To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence simply because the judgment contained a stayed enhancement." (*Rhodius*, *supra*, at pp. 43–44.) The court also concluded, "[a]n inmate whose sentence was imposed and stayed is not actually serving any time based on a repealed statute . . . ." (*Id.* at p. 47.)

We respectfully disagree and join the majority of appellate courts that have reached conclusions contrary to *Rhodius*. When prior prison term enhancements are included in the judgment and stayed, the enhancements have been imposed and stayed. (See *Renteria, supra*, 96 Cal.App.5th at p. 1282 [included in the abstract of judgment].) As noted in *Saldana*, "The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason." (*Saldana, supra*, 97 Cal.App.5th at p. 1278, review granted.) "'Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential.'" (*Ibid.*, quoting *Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.)

As the *Christianson* court explained: "Section 1172.75 requires the CDCR to identify all inmates 'currently serving a

term *for a judgment that includes* an enhancement described in subdivision (a).' (§ 1172.75, subd. (b), italics added.) A judgment may include a sentence that has been imposed but suspended or stayed. [Citations.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed."[4] (*Christianson, supra*, 97 Cal.App.5th at pp. 311–312, review granted.)

In sum, "the Legislature chose to mandate a full resentencing for those individuals impacted by a now invalid section 667.5, subdivision (b) enhancement. [There is] no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancement[] and those for whom the enhancement was imposed but stayed. In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence." (*Christianson, supra*, 97 Cal.App.5th at p. 315, review granted.)

---

[4] Although a copy of the abstract of judgment in this case is not in the record on appeal, the minute order of the sentencing hearing states: "The 1-year 667.5(b) PC enhancement is stayed." Further, section 1172.75, subdivision (b) requires the Secretary of the CDCR to identify to the sentencing court any person in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." When the trial court received the CDCR notification that defendant's sentence qualified for resentencing under section 1172.75, the trial court found the judgment included an invalid enhancement. We surmise the CDCR identified defendant from its copy of the abstract of judgment.

We agree and conclude, unless a sentencing court strikes the enhancement altogether at the time of the original sentencing, it remains "imposed" for purposes of relief under section 1172.75.

**DISPOSITION**

The order of December 23, 2022, declining recall and resentencing is vacated, and the case is remanded for recall of the sentence and full resentencing pursuant to Penal Code section 1172.75.  We express no view how the superior court should exercise its sentencing discretion upon remand.

CHAVEZ, J.

We concur:

LUI, P. J.

ASHMANN-GERST, J.