Filed 12/8/25  P. v. Campa CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEAN RICHARD CAMPA,<br><br>        Defendant and Appellant. | E084129<br><br>(Super.Ct.No. BAF2000907)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Otis Sterling III, Judge.  Affirmed with directions.

David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

# I. PROCEDURAL BACKGROUND[1]

On February 6, 2024, a jury found defendant and appellant Dean Richard Campa guilty of attempted murder (Pen. Code,[2] §§ 664, 187, count 1) and the lesser included offense of attempted stalking (§§ 664, 646.9, subd. (a), count 2). The jury additionally found true allegations that defendant personally and intentionally discharged a firearm proximately causing great bodily injury to another person (§ 12022.53, subd. (d)) (GBI enhancement) and personally and intentionally inflicted great bodily injury upon another person with whom defendant previously had a dating relationship (§ 12022.7, subd. (e)) (DV enhancement).

The court thereafter found true allegations that defendant had suffered a prior serious felony (§ 667, subd. (a)) and prior strike conviction (§§ 667, subds. (c) & (e), 1170.12, subd. (c)). The court also found true two aggravating factors.

The court sentenced defendant to an aggregate determinate term of 28 years eight months and an indeterminate term of 25 years to life. The court imposed the upper term of nine years for the attempted murder, doubled due to defendant's prior strike conviction, for 18 years. The court imposed one-third the midterm of one year, doubled, consecutive for the attempted stalking, for eight months. The court imposed five years consecutive on the DV enhancement. The court likewise imposed a consecutive five years for the prior serious felony conviction for an aggregate

---

[1] We omit a recitation of the facts because they are irrelevant to the issues raised on appeal.

[2] All further statutory references are to the Penal Code.

determinate term of 28 years eight months.  The court imposed 25 years to life on the GBI enhancement.

## II. DISCUSSION

Defendant contends the court erred in imposing and executing an unauthorized five-year sentence on the DV enhancement and that the abstract of judgment should be corrected to reflect that defendant was convicted by a jury rather than the court.  The People concede that the court was required to impose and stay sentence on the enhancement, and that the abstract should be corrected.  We agree.

"Only one additional term of imprisonment under this section shall be imposed per person for each crime.  If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment."  (§ 12022.53, subd. (f).)  "An enhancement for great bodily injury as defined in Section 12022.7, 12022.8, or 12022.9 shall not be imposed on a person in addition to an enhancement imposed pursuant to subdivision (d)."  (*Ibid.*)

Section 12022.53, subdivision (f) "directs that only one enhancement may be imposed and then executed per person for each crime, and allows a trial court to impose and then stay all other prohibited enhancements."  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1127; accord *People v. Garcia* (2017) 7 Cal.App.5th 941, 948-949 ["'An enhancement for great bodily injury as defined in Section 12022.7, 12022.8, or

3

12022.9 shall not be imposed on a person in addition to an enhancement imposed pursuant to subdivision (d).' (§ 12022.53, subd. (f).)"].)

Here, the parties are correct that the court could not impose and execute a five-year sentence on the DV enhancement since the court imposed and executed a 25 years to life sentence on the GBI enhancement, the enhancement which provided the longest term of imprisonment. Thus, we shall direct the court to impose and stay execution of sentence on the DV enhancement.

Additionally, the court should correct the abstract of judgment to reflect that *a jury* convicted defendant on both counts. The abstract also incorrectly reflects that the court imposed a consecutive five-year term on the GBI enhancement, when it actually imposed five years on the DV enhancement. Since we are directing that the court stay the five-year DV enhancement, the court should also correct the statutory basis for the enhancement on the abstract of judgment. (*People v. Odell* (2023) 92 Cal.App.5th 307, 322.)

## III. DISPOSITION

The sentencing court is directed to impose and stay imposition of punishment on the section 12022.7, subdivision (e) enhancement, which is incorrectly reflected as a section 12022.53, subdivision (d) enhancement on the abstract of judgment. The sentencing court is also directed to correct the statutory basis for the stayed enhancement on the abstract of judgment. The court is further directed to correct the abstract of judgment to reflect that defendant was convicted by a jury. Finally, the

4

court is directed to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.